## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOHN J. STREFF, SR.**

    **Plaintiff,**

                               **CASE NO.:**

**v.**

                               **JURY TRIAL DEMANDED**

**HARRIS & HARRIS, LTD**

    **Defendant.**

_____/

### CLASS ACTION COMPLAINT

Plaintiff, John J. Streff, Sr. ("Plaintiff"), by and through undersigned counsel, hereby files this Class Action Complaint against Harris & Harris, LTD ("Defendant"), and states as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff owed an alleged debt to Defendant. Plaintiff filed for bankruptcy and listed the debt alleged to be owed in his bankruptcy.

2.      Defendant had actual knowledge that Plaintiff filed for bankruptcy and received a discharge, which required Defendant to cease all collection activities. Nevertheless, Defendant continued attempting to collect the debt and demanded payment from Plaintiffs.

3.      Plaintiffs seeks damages, costs and attorney's fees, and a declaratory judgment from Defendant for the above violations.

### JURISDICTION AND VENUE

4.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the Fair Debt Collection Practices Act ("FDCPA"). Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

5.      Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

**PARTIES**

7.      Plaintiff, John J. Streff, Sr., is a natural person who resides in Manatee County, Florida.  Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(8).

8.      Defendant, Harris & Harris, LTD, is headquartered in Illinois, does business in the State of Florida, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

9.      Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

10.      The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers in the United States who:  filed for bankruptcy, to which Defendant received notice of the consumers' bankruptcy discharge, but nevertheless the consumers received communications, including billing statements, related to the alleged debts in attempts to collect, from Defendant on or after April 6, 2017 (the "Bankruptcy Class").

12.     Plaintiff brings Count I and Count II of this action for violations of the Florida Consumer Collection Practices Act as a class action on behalf of all other similarly-situated consumers in the State of Florida who: filed for bankruptcy, to which Defendant received notice of the consumers' bankruptcy discharge, but nevertheless the consumers received communications, including billing statements, related to the alleged debts in attempts to collect, from Defendant on or after April 6, 2017 (the "FCCPA Class") (collectively with the Bankruptcy Class, the "Classes").

### *Numerosity*

13.     The classes are so numerous that joinder of all members is impracticable.  Plaintiff does not yet know how many people may be in the Classes but estimates the Classes may have 5,000 members.

### *Commonality*

14.     There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the FDCPA, 15 U.S.C.A § 1692 (d), (e), and (f); and (2) whether Defendant violated the FCCPA, Fla. Stat. §

559.72 (9) and (18).  Also, all of the Class members reside in the United States and received the same or substantially similar communications from Defendant as described below.

### *Typicality*

15.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class.

### *Adequacy of Class Representation*

16.    Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

### *Predominance of Common Questions*

17.    The common questions set forth in Paragraphs 13 predominate over any individual issues.

### *Superiority of Class Resolution*

18.    A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

19.    A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

20.    Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

21.    Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

22.     Defendant's actions are generally applicable to the entire Class and, accordingly, the relief sought is appropriate with respect to the entire Class.

## FACTUAL BACKGROUND

23.     Plaintiff allegedly owed Manatee Memorial Hospital a debt ("Alleged Debt").

24.     On March 31, 2017, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida with the help of his bankruptcy attorney.  Case No. 8:17-bk-02704-CPM (Bankr. M.D. Fla.).  Plaintiff's account with Manatee Memorial Hospital was listed on Plaintiff's bankruptcy petition.

25.     The Notice of Chapter 7 Bankruptcy Case ("Notice of Bankruptcy"), imposing an automatic stay against collection activities was mailed to Manatee Memorial Hospital on April 4, 2017. The Notice of Bankruptcy is attached as **Exhibit A**.

26.     At some point, Manatee Memorial Hospital assigned or sold Plaintiff's account to Defendant for collections.

27.     During the summer of 2017, after Plaintiff filed for bankruptcy, Defendant began to call Plaintiff on his cellular phone in attempts to collect on the alleged debt.  Defendant called Plaintiff several times.

28.     On June 7, 2017, Plaintiff received a bankruptcy discharge.

29.     On September 4, 2017, Defendant sent Plaintiff a collections letter in a further attempt to collect on the discharged debt.  This letter from Defendant to Plaintiff is attached as **Exhibit B**.

30.     On October 20, 2017, Plaintiff's bankruptcy attorney sent a letter to Defendant demanding Defendant to cease and desist in its efforts to collect on the Alleged Debt from Plaintiff. The letter reiterated that Plaintiff had received a bankruptcy discharge and demanded that

Defendant stop contacting Plaintiff.  The letter from Plaintiff's bankruptcy attorney to Defendant is attached as **Exhibit C**.

31.    On February 14, 2018, despite Plaintiff's cease and desist letter and Defendant's knowledge that Plaintiff had retained a bankruptcy attorney, Defendant sent a subsequent letter to Plaintiff as an attempt to collect.  This second letter is attached as **Exhibit D**.

32.    As detailed below, Defendant's conduct constitutes a violation of the FDCPA and FCCPA.

## COUNT I

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

33.    This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

34.    Plaintiff re-alleges and incorporates paragraphs 1 through 32, as if fully set forth herein.

35.    Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

36.    Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9)    Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

37.    Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

38.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

39.    Pursuant to Fla. Stat. § 559.77(2), as a result of the above violation of § 559.72(9) of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

40.    Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

41.    Each communication made in violation of § 559.72(9) of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated § 559.72(9) of the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATION OF § 559.72(18) OF THE FCCPA BY DEFENDANT

42.    This is an action against Defendant for violation of Fla. Stat. § 559.72(18).

43.    Plaintiff re-alleges and incorporates paragraphs 1 through 32, as if fully set forth herein.

44.    Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

45.    Fla. Stat. § 559.72(18) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (18)    Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

46.    Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

47.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

48.    Pursuant to Fla. Stat. § 559.77(2), as a result of the above violation of § 559.72(18) of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

49.    Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

50.    Each communication made in violation of § 559.72(18) of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated § 559.72(18) of the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE FDCPA BY DEFENDANT

51.     This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq.*

52.     Plaintiff re-alleges and reincorporates paragraphs 1 through 32, as if fully set forth herein.

53.     The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

54.     Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

55.     Defendant, communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

56.     Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

57.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

58.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

59.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## SANCTIONS FOR DISCHARGE INJUNCTION VIOLATIONS BY DEFENDANT

60.     This is an action against Defendant for violation of the Discharge Injunction.

61.     Plaintiff re-alleges and incorporate paragraphs 1 through 32, as if fully set forth herein.

62.     Plaintiff's Discharge Order included a discharge of the Alleged Debt as to Plaintiff, personally enjoining *in personam* collection of the debt.

63.     Defendant had actual knowledge of the Plaintiff's bankruptcy.

64.     Nevertheless, Defendant attempted to collect the debt from Plaintiff, which had been discharged.  Plaintiff was not personally obligated to pay the debt after entry of the discharge order.

65.    Defendant's continued collection of the discharged debt with actual knowledge of the discharge, constitutes a sanctionable violation of the Discharge Injunction.  Defendant's conduct is the result of a policy to continue collection efforts after a debt is discharged.

66.    11 U.S.C. § 105(a) authorizes the use of a court's authority to utilize its equitable powers to enforce the Discharge Injunction, to grant monetary relief, and to enjoin acts in violation of the Discharge Injunction.

67.    As a result of the above violations of the discharge injunction, Defendant should be sanctioned.

WHEREFORE, Plaintiff respectfully request this Court enter an order against Defendant: (1) finding that Defendant violated the Discharge Order and imposing sanctions against Defendant to punish Defendant for its violations, deter attempts to collect debts not owed, and deter future discharge injunction violations; and (2) awarding Plaintiff any and all damages as well as attorneys' fees and costs.

## COUNT V

### DECLARATORY JUDGMENT ACT – 28 U.S.C. § 2201 *et seq.*

68.    This is an action against Defendant under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

69.    Plaintiff re-alleges and incorporate paragraphs 1 through 32, as if fully set forth herein.

70.    Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether

or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

71.     Further, "necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

72.     As detailed above, here, Plaintiff incurred a debt and later filed for bankruptcy protection. Defendant was made aware of Plaintiff's bankruptcy and therefore had actual knowledge that Plaintiff had filed bankruptcy. Nevertheless, Defendant sent billing correspondence to Plaintiff, attempting to collect amounts not owed.

73.     Because Plaintiff obtained a bankruptcy discharge, Defendant has no legal right to collect any such amounts.

74.     There is an actual controversy within the jurisdiction of this Court regarding whether Defendant's conduct in sending written communications that seek to collect money on a debt that was discharged in bankruptcy violates the discharge order in Plaintiff's bankruptcy case, and also violates the FCCPA and FDCPA. Thus, Plaintiff seeks a declaratory judgment as to Plaintiff's rights.

75.     Plaintiff believes that Defendant has sought and collected amounts for debts previously discharged against other individuals as well.

76.     Plaintiff therefore seeks a declaratory judgment finding that Defendant's conduct violates the FCCPA, FDCPA, and the discharge injunction.

77.     Further, Defendant should be enjoined from collecting or seeking to collect debts previously discharged in bankruptcy.

78.    Moreover, Defendant should be required to disgorge all amounts collected from consumers who obtained discharges in bankruptcy as ill-gotten gains resulting from its illegal conduct.

WHEREFORE, Plaintiff respectfully requests this Court enter a Declaratory Judgment in Plaintiff's favor: (1) finding that Defendant violated the Discharge Order; (2) finding that Defendant violated the FCCPA; (3) enjoining Defendant from seeking to collect amounts after a consumer obtains a bankruptcy discharge; (4) requiring Defendant to disgorge any amounts received from consumers who obtained a bankruptcy discharge and did not owe such amounts; and (5) awarding Plaintiff any and all damages as well as attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  June 25, 2018

Respectfully Submitted,

**DUNLAP, BENNETT & LUDWIG, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832

/s/ **Brian L. Shrader, Esq.**
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@dbllawyers.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@dbllawyers.com
**ALEXANDER D. LICZNERSKI**
Florida Bar No. 123873
email: alicznerski@dbllawyers.com

# EXHIBIT A

Case 8:17-bk-02704-CPM    Doc 5    Filed 04/06/17    Page 1 of 4

United States Bankruptcy Court
Middle District of Florida

In re:                                                          Case No. 17-02704-CPM
John J Streff, Sr.                                              Chapter 7
        Debtor

**CERTIFICATE OF NOTICE**

District/off: 113A-8          User: kbrickner          Page 1 of 2          Date Rcvd: Apr 04, 2017
                             Form ID: 309A            Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 06, 2017.
db              +John J Streff, Sr.,    508 44th Ave E, Lot E4,    Bradenton, FL 34203-3532
26844807        +Altran Financial LP,    POB 610,    Sauk Rapids, MN 56379-0610
26844808         Aspen Dental,    PO Box 3126,    Syracuse, NY 13220-3126
26844812        +D&A Services LLC,    1400 E Touhy Ave,    STE G2,    Des Plaines, IL 60018-3338
26844814        +Financial Corp of America,    POB 203500,    Austin, TX 78720-3500
26844815        +Financial Corporation Of America,    Attn: Bankruptcy,    Po Box 203500,    Austin, TX 78720-3500
26844817        +Fsb Blaze,    5501 S Broadband Ln,    Sioux Falls, SD 57108-2253
26844822        +Sst/columbus Bank&trus,    Attn:Bankruptcy,    Po Box 3997,    St. Joseph, MO 64503-0997

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty              E-mail/Text: courtnotices@bankruptcyfitzhugh.com Apr 04 2017 23:31:32     Laurie L Blanton,
                 Blanton Law, P.A.,    1100 C. South Tamiami Trail,    Venice, FL  34285
tr               EDI: FBASCHARRER.COM Apr 04 2017 23:23:00      Beth Ann Scharrer,    Trustee,    PO Box 4550,
                 Seminole, FL  33775-4550
ust             +E-mail/Text: ustpregion21.tp.ecf@usdoj.gov Apr 04 2017 23:33:58
                 United States Trustee - TPA7/13,    Timberlake Annex, Suite 1200,    501 E Polk Street,
                 Tampa, FL 33602-3949
26844806        +EDI: GMACFS.COM Apr 04 2017 23:23:00      Ally Financial,    200 Renaissance Ctr,
                 Detroit, MI 48243-1300
26844809        +EDI: CAPITALONE.COM Apr 04 2017 23:23:00      Capital One,    Attn: Bankruptcy,    Po Box 30285,
                 Salt Lake City, UT 84130-0285
26844810         EDI: RCSFNBMARIN.COM Apr 04 2017 23:23:00      Credit One Bank,    PO Box 60500,
                 City of Industry, CA 91716-0500
26844811        +EDI: RCSFNBMARIN.COM Apr 04 2017 23:23:00      Credit One Bank Na,    Attn: Bankruptcy,
                 Po Box 98873,    Las Vegas, NV 89193-8873
26844816        +EDI: AMINFOFP.COM Apr 04 2017 23:23:00      First Premier Bank,    Po Box 5524,
                 Sioux Falls, SD 57117-5524
26844813         EDI: IRS.COM Apr 04 2017 23:23:00      Department of the Treasury,
                 Internation Revenue Services,    POB 69,    Memphis, TN 38101-0069
26844818         E-mail/Text: NotificationEmail.atlcbo@uhsinc.com Apr 04 2017 23:32:41
                 Manatee Memorial Hospital,    PO Box 31001-0827,    Pasadena, CA 91110-0827
26844819        +EDI: RESORGENT.COM Apr 04 2017 23:23:00      Resurgent Capital Svcs,    PO Box 10466,
                 Greenville, SC 29603-0466
26844820         EDI: AGFINANCE.COM Apr 04 2017 23:23:00      Springleaf,    9600 66th St N,    Suite B,
                 Pinellas Park, FL 33782-4540
26844821         EDI: AGFINANCE.COM Apr 04 2017 23:23:00      Springleaf Financial S,    5035 E. Busch Blvd,
                 Tampa, FL 33617
26844823        +EDI: RMSC.COM Apr 04 2017 23:23:00      Synchrony Bank/Care Credit,    Attn: bankruptcy,
                 Po Box 103104,    Roswell, GA 30076-9104
26844824        +EDI: RMSC.COM Apr 04 2017 23:23:00      Synchrony Bank/Lowes,
                 Attention: Bankruptcy Department,    Po Box 103104,    Roswell, GA 30076-9104
26844825        +EDI: RMSC.COM Apr 04 2017 23:23:00      Synchrony Bank/Walmart,    Attn: Bankruptcy,
                 Po Box 103104,    Roswell, GA 30076-9104
26844826        +EDI: BLUESTEM Apr 04 2017 23:23:00      Webbank/fingerhut,    6250 Ridgewood Rd,
                 Saint Cloud, MN 56303-0820
                                                                                              TOTAL: 17

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 06, 2017                             Signature:  /s/Joseph Speetjens

Case 8:17-bk-02704-CPM   Doc 5   Filed 04/06/17   Page 2 of 4

District/off: 113A-8          User: kbrickner          Page 2 of 2          Date Rcvd: Apr 04, 2017
                             Form ID: 309A            Total Noticed: 25

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 4, 2017 at the address(es) listed below:
          Beth Ann Scharrer     bscharrertrustee@gmail.com,  fl28@ecfcbis.com;bas1@trustesolutions.net
          Laurie L Blanton     on behalf of Debtor John J Streff, Sr.  courtnotices@bankruptcyfitzhugh.com,
          lblaw10@gmail.com;lblaw2011@gmail.com
          United States Trustee - TPA7/13     USTPRegion21.TP.ECF@USDOJ.GOV

                                                                                    TOTAL: 3

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **John J Streff Sr.**<br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx-xx-2605<br>EIN   __-_____ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   __-_____ |
| United States Bankruptcy Court   **Middle District of Florida** | | Date case filed for chapter  7  3/31/17 |
| Case number:   **8:17-bk-02704-CPM** | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case —— No Proof of Claim Deadline    12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | John J Streff Sr. | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 508 44th Ave E, Lot E4<br>Bradenton, FL 34203 | |
| 4. | Debtor's attorney<br>Name and address | Laurie L Blanton<br>Blanton Law, P.A.<br>1100 C. South Tamiami Trail<br>Venice, FL 34285 | Contact phone 941-493-6577<br>Email:  courtnotices@bankruptcyfitzhugh.com |
| 5. | Bankruptcy Trustee<br>Name and address | Beth Ann Scharrer<br>Trustee<br>PO Box 4550<br>Seminole, FL 33775-4550 | Contact phone 727-392-8031 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

For more information, see page 2 >

Debtor  John J Streff Sr.                                                                              Case number **8:17-bk-02704-CPM**

| | | |
|---|---|---|
| **6. Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue, Suite 555<br>Tampa, FL 33602 | Hours open:<br>Monday -- Friday 8:30 AM -- 4:00PM<br><br>Contact phone 813-301-5162<br><br>Date: April 4, 2017 |
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073-1 restricts the entry of personal electronic devices into the Courthouse. | **May 4, 2017 at 09:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>*** Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. *** | Location:<br><br>**Room 100--A, 501 East Polk St., (Timberlake Annex), Tampa, FL 33602** |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• If you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: July 3, 2017** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |
| **13. Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1--866--222--8029. | |

# EXHIBIT B



PO Box 5462
Chicago, IL 60680-5462

# Harris & Harris, Ltd.
111 West Jackson Boulevard, Suite 400
Chicago, IL 60604-4135
866-314-8305



| Creditor(s) | MANATEE MEMORIAL HOSPITAL |
| Our Reference # | |
| Amount Due | $435.00 |

**PAY THIS AMOUNT**

QUEST DIAGNOSTICS, JOHN
508 44TH AVE E LOT E4
BRADENTON, FL 34203-3532

September 4, 2017

**CREDIT BUREAU REPORT ALERT**
**YOUR ACCOUNT(S) MAY BE REPORTED TO THE CREDIT BUREAUS**

Dear John Quest Diagnostics:

We report some unpaid accounts to the credit bureaus. Some of the account(s) in the detail box may have already been reported to the credit bureaus. Please refer to the detail box to determine whether a specific account(s) have been reported. If the detail box says "not reported" for a given account, then it is not currently being reported to the credit bureaus. If the detail box says "not eligible" for a given account then it will not be reported.

Various payment options are available for your convenience:



Mail payment in enclosed envelope



Call us:
866-314-8305

Some of the debts listed in the detail box may have already been reported to the credit bureaus. Please refer to the detail box for the date the debt was reported. If the detail box says "not reported" for a given account then it has not been reported to the bureaus as of the date this letter was requested. If the detail box says "not eligible" for a given account then it will not be reported.

## Detail Box

| Patient Account | Creditor Name | Service Date | Patient Name | | Balance | Credit Bureau Reporting |
|---|---|---|---|---|---|---|
| 001028948634 | Manatee Memorial Hospital | 09/21/2016 | Streff, John | | $435.00 | Not Reported |
| | | | | Total: | $435.00 | |

When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic fund transfer from your account. In certain circumstances, such as for technical or processing reasons, we may process your payment as a check transaction.

**Notice: See Reverse Side for Important Information**
This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector. Harris & Harris, Ltd. is a collection agency.

AVCRBPU
ffxefsddjexfd
S11293
0000774
Page 1 of 1

✁ Please Detach And Return In The Enclosed Envelope With Your Payment ✁

| Creditor(s) | MANATEE MEMORIAL HOSPITAL |
| Our Reference # | SEE REVERSE FOR DETAILS |
| Amount Due | $435.00 |

PO Box 5462
Chicago, IL 60680-5462

# EXHIBIT C



# BLANTON LAW, P.A.

Laurie Blanton, Esq.           1100-C S. Tamiami Tr.    9040 Town Center Parkway, Suite 204B
Crystalyn Ricketson, Paralegal  Venice, FL 34285        Lakewood Ranch, FL 34202
Jennifer Zorella, Legal Assistant (941) 493-6577        (941) 748-2077
                               (941) 493-5377 fax

                               **Reply to Venice Office**

October 20, 2017

Harris & Harris, Ltd.
111 West Jackson Boulevard
Suite 400
Chicago, IL 60604-4135

                    **Re:  Manatee Memorial Hospital**
                    **Reference Number:** ▇▇▇▇▇▇

To whom it may concern:

Our office represented John J. Streff, Jr. in a Chapter 7 bankruptcy case filed on March 31, 2017, and discharged on July 7, 2017.

This letter is to notify you that Manatee Memorial Hospital was listed on Schedule F (enclosed) of Mr. Streff's Bankruptcy Petition and was included in the Discharge of Debtor (enclosed).

Your office has sent collection notices by mail directly to Mr. Streff.  Please do not contact Mr. Streff regarding this debt, which has been discharged in his Chapter 7 bankruptcy and is protected under 11 U.S. Code § 362.

If you have any questions or concerns regarding this matter, please contact our office directly.

Best regards,

Jennifer Zorella
Legal Assistant
BLANTON LAW, P. A.

Encls.: Schedule F
        Discharge of Debtor

# EXHIBIT D

02-26-18;02:27PM;                                    ;941-756-2507              #  1/  1

**Harris & Harris, Ltd.**
111 West Jackson Boulevard, Suite 400
Chicago, IL 60604-4135
**(866)309-5407**





February 14, 2018

**CONSIDER APPLYING ANY AVAILABLE INCOME TAX REFUND TO HELP RESOLVE THIS DEBT!**

CREDITOR(S): MANATEE MEMORIAL HOSPITAL

BALANCE DUE: $435.00

*Do Not Delay!*
*Call us TODAY, let us help!*

Dear John Quest Diagnostics:

We have attempted to reach you on numerous occasions regarding your debt of $435.00 owed to MANATEE MEMORIAL HOSPITAL. Income tax refund season is soon upon us and this may provide you with a special opportunity to resolve your debt in full.

Please call (866)309-5407 to speak with one of our representatives. We are here to help you resolve this obligation. Please call today!

**Convenient payment options are available:**

Mail payment in enclosed envelope

Call us:
(866)309-5407

*Called 3/26/18*
*Received 3/23/18*
*John Stroft*

When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic fund transfer from your account. In certain circumstances, such as for technical or processing reasons, we may process your payment as a check transaction.

**Notice: See Reverse Side for Important Information**      Page 1 of 1      TAXUHSNS
Harrislnstd.wfd
005892
05007716

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector. Harris & Harris, Ltd. is a collection agency.